IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| SHANETTE LAKETYRE MOORE and JA'ZYHA DEWITT<br><br>*Plaintiffs*,<br><br>v.<br><br>VINCENT DANIEL HERZOG and TURNER ASPHALT, LLC<br><br>*Defendants*. | CIVIL ACTION NO: _____<br><br>JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, Shanette Laketyre Moore and Ja'Zyha Dewitt, complain Herzog Vincent Daniel and Turner Asphalt, LLC ("Defendants") and respectfully show the court as follows:

### I. NATURE OF ACTION

1. Plaintiffs suffered injuries as a result of being struck by Defendants' vehicle.

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1332(a).

3. Venue is proper under 28 U.S.C. § 1391 in the District of South Carolina, Florence Division because the events or omissions giving rise to the claims alleged herein occurred in this district.

### III. STATEMENT REGARDING MONETARY RELIEF SOUGHT

4. Plaintiffs seek monetary relief in excess of $250,000 but less than $1 million. Discovery in this matter has just commenced and, therefore, Plaintiffs cannot reliably state a

maximum amount of damages they are seeking at this time and reserve their right to supplement in accordance with the Federal Rules of Civil Procedure.

## IV. PARTIES

5. Plaintiff Shanette Laketyre Moore is a resident of South Carolina.

6. Plaintiff Ja'Zyha Dewitt is a resident of South Carolina.

7. Defendant Vincent Daniel Herzog is a North Carolina resident and may be served at his residence 257 Kotata Ave., Bunnlevel, North Carolina 28323, or wherever he may be found

8. Defendant Turner Asphalt, LLC is a Limited Liability Company (LLC) doing substantial and continuous business in the State of South Carolina and has purposefully availed itself of the privileges of conducting business within the State. Defendant Turner Asphalt, LLC, may be served by and through its registered agent for service of process, Cogency Global, Inc, at 250 Browns Hill Ct, Midlothian, Virginia, 23114-9510.

## FACTS

9. On or about April 2, 2024, Plaintiffs were stopped on SC 9 Business northbound near Loris, South Carolina, in Horry County. At the same time, Defendant Herzog, in a commercial truck owned and operated by Defendant Turner Asphalt, LLC, was traveling on the same stretch of road, behind Plaintiffs. Defendant Herzog was traveling too fast for the conditions and violently rear-ended Plaintiffs, sending Plaintiffs' vehicle to the nearby ditch and causing the vehicle to overturn. As a result of the incident, Plaintiffs suffered severe and lasting injuries.

10. Defendant Herzog was operating the vehicle within the course and scope of his employment with Defendant Turner Asphalt, LLC. As a result, Defendant Turner Asphalt, LLC should be held vicariously liable for any negligence on the part of Defendant Herzog under the doctrine of *respondeat superior*.

## V.     CAUSES OF ACTION

### A.     *Negligence, Negligence per se, and Gross Negligence against Defendant Herzog*

11.     Defendant Herzog is liable to Plaintiffs under the theories of negligence, negligence per se, and gross negligence. Plaintiffs sustained injuries because of the Defendant Herzog's negligence, negligence per se, and gross negligence when he:

   a. Failed to control his speed;

   b. Failed to drive in a reasonably safe manner;

   c. Failed to maintain a safe distance;

   d. Failed to keep a proper lookout;

   e. Failed to ensure there was adequate clearance to operate their vehicle;

   f. Failed to leave sufficient space between vehicles;

   g. Failed to maintain a reasonable awareness of his surroundings;

   h. Operated his vehicle without adequate training and experience;

   i. Failed to ensure that the vehicle was in safe operating condition;

   j. Violated applicable local, state, and federal laws and/or regulations; and

   k. Other acts so deemed negligent and grossly negligent.

12.     Defendant Herzog was negligent per se for violating applicable provisions of the South Carolina Code of Laws, Title 56 (Motor Vehicles).

13.     As a direct and proximate result of the employee driver's negligence, Plaintiffs suffered severe physical injuries. Plaintiffs are entitled to recover for their injuries.

### B.     *Negligent Supervision and Hiring against Defendant Turner Asphalt, LLC*

14.     Defendant Turner Asphalt, LLC was negligent and grossly negligent in hiring and retaining Defendant Herzog. As Defendant Herzog's employer, Defendant Turner Asphalt, LLC

exercised control and supervision over the activities and omissions of Defendant Herzog and is accordingly liable for failing to adequately supervise Defendant Herzog. Such negligence was a direct and proximate cause of Plaintiffs' injuries.

### C.     *Negligent Entrustment against Defendant Turner Asphalt, LLC*

15.     Defendant Turner Asphalt, LLC committed negligence when it entrusted a motor vehicle to Defendant Herzog. As the owner/controller of the motor vehicle operated by Defendant Herzog, Defendant Turner Asphalt, LLC entrusted its motor vehicle to another person. That person, Defendant Herzog, was an unlicensed, incompetent, and/or reckless driver. Defendant Turner Asphalt, LLC knew or should have known that Defendant Herzog was unlicensed, incompetent, and/or reckless. Defendant Herzog was negligent on the occasion in question and said negligence was a proximate cause of Plaintiffs' injuries.

## VI.     DAMAGES

16.     As a direct and proximate result of the negligence, negligence per se, gross negligence, and negligent entrustment of Defendants, Plaintiffs sustained injuries, which resulted in, and proximately caused, physical pain, mental anguish, and other medical problems. Plaintiffs will show that they have also sustained pain and suffering, physical impairment, mental anguish, disfigurement, and loss of enjoyment of life, and that in all reasonably probability, such pain and suffering, physical impairment, mental anguish, disfigurement, and loss of enjoyment of life will continue indefinitely as a proximate cause of Defendants' negligence. Plaintiffs have suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiffs have incurred and, within reasonable medical probability, will incur in the future pharmaceutical and/or medical expenses in connection with their injuries.  Plaintiffs also seek to recover damages for the cost of

repairing the damage to their vehicle, the loss of use of their vehicle, and any diminished value of their vehicle.

17. Defendants' conduct, when viewed from the standpoint of the actors at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants' conduct demonstrates not only an attitude of conscious indifference to the rights, safety, and welfare of others but also shows Defendants' actual and subjective awareness of the dangers of their conduct. Defendants proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiffs. Defendants are therefore liable for exemplary damages.

## VII.   JURY TRIAL DEMANDED

18. Plaintiffs hereby demands a trial by jury on all claims.

## VIII.   PRAYER

19. For the reasons discussed herein, Plaintiffs pray this court cite Defendants to appear and to answer herein and that Plaintiffs have judgment taken against Defendants, jointly and severally, and recover all damages allowed by law, pre-judgment and post judgment interest as allowed by law, punitive damages, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiffs may show themselves justly entitled but not limited to:

    A. Past and future medical damages;

    B. Past and future loss of earning capacity;

    C. Past and future physical pain and suffering and mental anguish;

    D. Past and future impairment;

    E. Past and future disfigurement;

F.  Past and future loss of enjoyment of life;

G.  Punitive damages;

H.  Costs of Court;

I.  Costs of copies of depositions; and

J.  Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**CHAPPELL, CHAPPELL & NEWMAN, LLC**

/s/ Mark D. Chappell Jr.
Mark D. Chappell Jr.
Federal Court ID: 12416
4500 Fort Jackson Blvd, Suite 250
Columbia, SC 29209
Telephone: (803) 509-5845
Facsimile: (803)929-3604
E-mail: markjr@chappell.law

**PIERCE SKRABANEK, PLLC**

*/s/ Kyle W. Chapel*
Michael E. Pierce-*pending PHV admission*
Texas Bar No. 24039117
Kyle W. Chapel-*pending PHV admission*
Texas Bar No. 24116188
24 Greenway Plaza, Suite 500
Houston, Texas 77046
Telephone: (832) 690-7000
Facsimile: (832) 616-5576
E-mail: Michael@pstriallaw.com
          Kyle@pstriallaw.com
E-Service: service@psbfirm.com
**ATTORNEYS FOR PLAINTIFFS**